# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| MARY ROBBINS, ) | |
| ) | Case No. 21-1577 |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| DEPUY ORTHOPAEDICS, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, DePuy Orthopaedics, Inc., now known as Medical Device Business Services, Inc. ("MDBS" or "Defendant"), hereby removes the state-court action entitled *Mary Robbins v. DePuy Orthopaedics, Inc.*, Civil Action No. 2021-L-0975, filed in the Circuit Court of St. Clair County, in the State of Illinois. The Court has jurisdiction over this action, and it is properly removable to this Court because the parties are completely diverse and the amount in controversy exceeds $75,000.

In support of removal, MDBS states as follows:

1. On or about October 7, 2021, Plaintiff commenced this action against Defendant by filing a complaint in the Circuit Court of St. Clair County, in the State of Illinois, bearing case number 2021-L-0975.

2. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and MDBS has satisfied the procedural requirements for removal.

**GROUNDS FOR REMOVAL**

3. This action may be removed under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, no defendant is a citizen of the State of Illinois.

    **A.**    **Complete Diversity of Citizenship Exists Between The Parties.**

4. Plaintiff is a citizen and resident of the State of Illinois. (Compl. ¶ 1)

5. MDBS is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Indiana with its principal place of business in Warsaw, Indiana (see Compl. ¶¶ 2), and, therefore, is a citizen of the State of Indiana for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

6. Thus, there is complete diversity among the Parties.

    **B.**    **The Amount-In-Controversy Requirement Is Satisfied.**

7. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

8. Plaintiff contends that she has suffered "bodily injury, pain and suffering, medical and nursing care and treatment, additional surgery, permanent injury, mental anguish, and Plaintiff's damages are permanent and will continue into the future" as a result of an allegedly defective knee replacement system. (Compl. ¶ 17.)

9. It is widely recognized that such personal injury claims facially meet the $75,000 jurisdictional threshold. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug

"obviously asserts a claim exceeding $75,000"); *see also, e.g.*, Copley v. Wyeth, Inc., No. 09-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009) (denying motion to remand); *Smith v. Wyeth Inc.*, 488 F. Supp. 2d 625, 630 (W.D. Ky. 2007) ("the Court finds that the Plaintiff's allegations of permanent nerve damage, pain and suffering, punitive damages, and past and future medical expenses likely amount to claims in excess of $75,000").

10. Given plaintiff's claim that she has suffered "bodily injury, pain and suffering, medical and nursing care and treatment, additional surgery, permanent injury, mental anguish, and Plaintiff's damages are permanent and will continue into the future" due to alleged injuries supposedly related to the ATTUNE knee replacement system (Compl. ¶ 17), it is evident that the amount of recovery sought by Plaintiff exceeds $75,000.00.

    **C.**    **The Other Prerequisites for Removal Have Been Satisfied.**

11. In addition to satisfying the requirements of diversity jurisdiction, Defendant has satisfied all other requirements for removal.

12. Defendant was served with the Complaint in this action on November 5, 2021. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

13. The Circuit Court of St. Clair County is located within the Southern District of Illinois. *See* 28 U.S.C. §§ 93(a)(1); 1441(a).

14. Defendant is not a citizen of the State of Illinois, the State where this action was brought. *See* 28 U.S.C. § 1441(b).

15. No previous application has been made for the relief requested herein.

16. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon MDBS, which papers include the Complaint, are attached collectively as **Exhibit 1**.

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the Clerk of the Circuit Court of St. Clair County.

WHEREFORE, MDBS respectfully removes this action from the Circuit Court of St. Clair County, in the State of Illinois, bearing Case No. 2021-L-0975, to this Court.

Dated:  December 6, 2021                                       Respectfully submitted,


*/s/ Erin M. Pauley*
/s/ Erin M. Pauley
BARNES & THORNBURG LLP
1 N. Wacker Dr., Ste. 4400
Chicago, IL 60606
(312) 214-4598
erin.pauley@btlaw.com