IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY ROBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1577-SMY |
| | ) |
| DEPUY ORTHPAEDICS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mary Robbins filed this action in state court alleging strict liability and negligence claims against Defendant Depuy Orthpaedics, Inc. Following removal to this Court, Depuy moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 22), which Robbins opposes (Doc. 23). For the following reasons, the motion is **DENIED**.

### Background

The following factual allegations are taken from Robbins' Complaint and are deemed true for the purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008): Depuy manufactured and distributed orthopedic products for use in knee replacement surgeries, including the Depuy Attune Knee. On October 24, 2017, Robbins underwent a surgical procedure known as a right total knee arthroplasty. Robbins' surgeon, Dr. Lyndon Gross, performed the surgery utilizing the knee components manufactured and distributed by Depuy. Robbins reported right knee pain months after the surgery, and the pain persisted and worsened over time.

On October 5, 2020, Robbins presented to Dr. Gross with reports of right knee pain. After evaluating Robbins, Dr. Gross noted that she continued to complain of pain in her right knee following the surgery. Dr. Gross further noted:

CT scan did not show any signs of periprosthetic fracture, dislocation, or any loosening of her components but there is the concern at this point in time that she may have aseptic loosening of her components which is causing her continued complaints. At this point in time, I do not think it is unreasonable for her to have a second opinion with Dr. Christopher Mudd, a reconstructive surgeon, and see if he has any other recommendations with regards to her knee at this point in time.

Dr. Mudd evaluated Robbins for right knee pain on October 7, 2020. He concluded that Robbins' knee pain was the result of mechanical loosening of her internal right knee prosthetic joint and recommended a revision of her right total knee arthroplasty. On January 8, 2021, Dr. Mudd performed a revision right total knee arthroplasty during which he revised Robbins' entire Attune knee to a Stryker Triathialon revision knee because there was mechanical loosening of her Attune knee.

Robbins alleges that the Depuy's Attune knee system was defective as to design, manufacture, and warnings, and otherwise unsafe for its intended use. She further alleges that Depuy knew or should have known about the design defects, and that she was injured because of defective and dangerous condition of the knee system.

## Discussion

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (internal quotation marks omitted). The Complaint will survive dismissal if it (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). At this stage, the court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555). Accordingly, the court may grant a Rule 12(c) motion only where it is clear from the pleadings that the plaintiff will be unable to maintain her cause of action in light of the facts presented.

The Attune knee consists of four prosthesis components – a metal femoral component, a metal tibial baseplate, a polyethylene tibial insert, and a polyethylene patella button (Doc. 22, p. 4). Varying components are offered in different configurations of the product, depending on the needs of the particular patient and recommendations of her surgeon. *Id*. at p. 5.

Depuy asserts that the tibial baseplate – a component of the prosthetic joint Robbins alleges came loose – comes in two variants: one (the rotating platform) reviewed by PMA and the other (the fixed bearing) cleared pursuant to the § 510(k) process. As a result of the difference in regulatory pathways for each type of tibial baseplate (*e.g.*, RP via the PMA process and Fixed Bearing via the § 510(k)), only claims involving the RP technology are preempted by federal law. *Id*. at p. 6.

Depuy asserts that the Complaint fails to state a claim for which relief can be granted because many configurations of the Depuy Attune were subject to premarket approval ("PMA") by the U.S. Food and Drug Administration ("FDA") and any claims involving PMA devices are expressly preempted by federal law. More specifically, it contends that *if* Robbins' Attune system employed the "rotating platform" ("RP") technology, which was approved via the PMA process, all her claims are preempted and fail as a matter of law and argues that Robbins' Complaint fails

to satisfy the plausibility standard because it contains ambiguous allegations as to which type of Attune device was actually implanted and whether it was a device that is preempted.

"Preemption is an affirmative defense, and pleadings need not anticipate or attempt to circumvent affirmative defenses." *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir.2010) (internal citation omitted). Depuy has the burden to demonstrate that Robbins' claims are preempted, and its motion will be granted only if Robbins has pleaded herself out of court. *Id.*; s*ee also Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)").

Depuy has not met its burden. Depuy argues that Robbins' Complaint does not specify the precise Attune device with which she was implanted. True enough, but Rule 8 does not impose any special requirement that her claims be pled with particularity or that level of specificity. *See Bausch*, 630 F.3d at 560. There are no special pleading requirements for product liability claims in general, or medical device claims in particular. *Id*. at 558. The federal standard of notice pleading applies, so long as the plaintiff alleges facts sufficient to meet the "plausibility" standard.

At this stage, the Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to Robbins, and accepts as true all reasonable inferences that may be drawn from the allegations. Based on the previously detailed complaint allegations, Robbins' negligence and strict liability claims have facial plausibility, and the Court can reasonably infer that Depuy is liable to Robbins for the misconduct alleged. Nothing more is required at the pleading stage.

## Conclusion

For the foregoing reasons, Depuy's Motion for Judgment on the Pleadings (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 29, 2023

**STACI M. YANDLE**
United States District Judge